COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-142-CR
 
  
VANN DEAN ELKIN                                                                APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Vann 
Dean Elkin appeals his conviction for indecent exposure. In three issues, 
appellant complains that the evidence is factually insufficient to support his 
conviction, the trial court erred by admitting evidence of an extraneous 
offense, and his trial counsel was ineffective.  We will affirm.
        The 
issue in a factual sufficiency review is whether, considering all of the 
evidence in a neutral light, the jury was rationally justified in finding guilt 
beyond a reasonable doubt.  Zuniga v. State, No. 539-02, 2004 WL 
840786, at *7 (Tex. Crim. App. Apr. 21, 2004).  A person commits the 
offense of indecent exposure if he exposes his anus or any part of his genitals 
with intent to arouse or gratify the sexual desire of any person and he is 
reckless about whether another is present who will be offended or alarmed by his 
act.  Tex. Penal Code Ann. § 
21.08(a) (Vernon 2003).
        In 
this case, it is undisputed that appellant exposed his penis to Jerry Sillers, 
an undercover police officer, in a public park.  Appellant contends, 
however, that he merely intended to urinate and that the evidence is factually 
insufficient to show his intent to arouse or gratify anyone’s sexual desire.
        Concerning 
appellant’s intent, Officer Sillers testified: He and appellant had a 
conversation in the park during which appellant, in response to Sillers’s 
questions, acknowledged that he liked “peter play,”[2] 
was “looking for someone to mess around with,” and “liked young high 
school jocks that like to get their jocks pulled on every now and then.”  
Sillers also asked appellant if he was a cop, to which appellant responded:

[H]ell, 
no. I’ve been in trouble with the law before in a park just like this and it 
took about $3,000 to get me out of trouble.  So I was arrested in Waco by a 
park ranger. . . . Right when I went down on the guy,[3] 
he busted me.

        Appellant 
also gave Sillers a card with appellant’s address and phone number on it and 
insisted that Sillers stop by appellant’s house if he ever wanted to mess 
around.  Sillers then asked if appellant would let him “see what I would 
be messing around with.”  Appellant responded, “[S]ure,” unzipped his 
pants, pulled out his partially erect penis, stroked it about twenty times until 
it was fully erect, and said, “It will grow a little more, don’t worry.”
        Conversely, 
appellant testified: Appellant had just finished a three-mile walk around Lake 
Benbrook when Sillers engaged him in conversation.  Sillers repeatedly made 
sexual advances towards appellant, which appellant, who is gay, found 
flattering.  Appellant refused to engage in sexual activity in the park, 
however, and instead gave Sillers his card and invited him to his house.  
Appellant then turned to get into his truck, but Sillers continued to move 
closer, urging appellant to show Sillers his “d---.”  Appellant, who 
was impotent, was on medication that required him to urinate frequently.  
After his walk and prolonged conversation with Sillers, appellant needed to 
urinate.  Consequently, he pulled out his penis, said, “[E]xcuse me, but 
I’ve got to urinate,” turned away from Sillers, and urinated.  
Appellant assumed that Sillers would not be embarrassed by this, since he had 
asked repeatedly to see appellant’s penis.
        Although 
the evidence regarding appellant’s intent is conflicting, the evidence that he 
exposed himself with the intent to arouse or gratify sexual desire is not too 
weak to support the finding of guilt beyond a reasonable doubt.  See 
Zuniga, No. 539-02, 2004 WL 840786, at *7.  Likewise, when all of the 
evidence is viewed in a neutral light, the evidence contrary to the jury’s 
verdict is not so great that the beyond-a-reasonable-doubt standard was not 
met.  See id.  Accordingly, we hold that the evidence is 
factually sufficient to establish the intent element of the charged 
offense.  We overrule appellant’s first issue.
        In 
his second issue, appellant complains that the trial court improperly admitted 
the evidence regarding the Waco incident.  Appellant contends that he did 
not open the door to admission of this extraneous offense evidence and that the 
evidence should have been excluded because its probative value was substantially 
outweighed by the danger of unfair prejudice or misleading the jury.[4]  The State asserts that the evidence was properly 
admitted as proof of appellant’s intent to expose himself for his sexual 
gratification, an issue that was hotly contested at trial.
        Evidence 
of crimes, wrongs, or other acts is not admissible to prove a defendant’s 
character to show action in conformity therewith.  Tex. R. Evid. 404(b).  But such 
evidence may be relevant and admissible for other purposes, such as to show 
intent.  Id.  The presumption is that relevant evidence will be 
more probative than prejudicial; therefore, relevant evidence should be admitted 
unless its probative value is substantially outweighed by the danger of unfair 
prejudice or misleading the jury.  Tex. 
R. Evid. 403; Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. 
App. 1991) (op. on reh’g).  In close cases, trial courts should favor 
admission, in keeping with the presumption of admissibility. Montgomery, 
810 S.W.2d at 389.
        The 
criteria for determining whether the prejudice of an extraneous offense 
outweighs its probative value include: (1) how compellingly the extraneous 
offense evidence serves to make more or less probable a fact of consequence to 
the determination of the action; (2) the potential the evidence has to impress 
the jury in some irrational but indelible way; (3) how much time the proponent 
of the evidence needs to develop it, so that the fact finder’s attention might 
be diverted from the indicted offense; and (4) how much the proponent needs the 
evidence to prove a fact of consequence.  Mozon v. State, 991 S.W.2d 
841, 847 (Tex. Crim. App. 1999).
        A 
trial court’s evidentiary rulings are reviewable for an abuse of discretion. Torres 
v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  We will not 
reverse a trial court’s ruling unless it falls outside the zone of reasonable 
disagreement.  Id. If the trial court’s ruling is correct under 
any theory of law applicable to the case, it will be sustained.  Romero 
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).
        In 
this case, it is undisputed that appellant exposed his penis in Sillers’s 
presence in a public park.  The dispute centers around what appellant 
intended by the exposure.  Appellant testified that he exposed his penis 
only to urinate and that he turned away from Sillers as he did so.  
Further, a defensive theory at trial, about which Sillers was cross-examined 
extensively, was that Sillers, not appellant, had initiated all of the 
conversation about sexual activity.  Sillers admitted that he had asked 
several questions of a sexual nature; however, he also testified that appellant 
had masturbated.
        In 
order to secure a conviction, the State was required to prove that appellant had 
intended to arouse or gratify his sexual desire.  Tex. Penal Code Ann. § 21.08(a).  
The ultimate issue of appellant’s intent was hotly contested, and his comment 
about the Waco incident is compelling evidence that he intended to expose 
himself to gratify his sexual desire, not just to urinate.  In addition, 
without this evidence, the State’s only other evidence of intent was 
Sillers’s testimony, which appellant had controverted and attempted to impeach 
on cross-examination.  Finally, the State spent only a few pages of the 
trial record developing the evidence regarding the Waco incident, and the 
evidence was not of such a nature that the jury would have been likely to 
disregard an instruction to consider it only on the issue of appellant’s 
intent rather than as evidence that he was a criminal generally.
        For 
all these reasons, we hold the trial court’s conclusion that the evidence’s 
probative value was not substantially outweighed by the danger of unfair 
prejudice or misleading the jury was not outside the zone of reasonable 
disagreement.  See Torres, 71 S.W.3d at 760; Mozon, 991 
S.W.2d at 846-47. Accordingly, the trial court did not abuse its discretion by 
admitting the evidence.  We overrule appellant’s second issue.
        In 
his third issue, appellant contends that, if we determine that defense counsel 
opened the door to allow the introduction of evidence regarding the Waco 
incident by his cross-examination of Sillers, then defense counsel was 
ineffective.  In light of our holding that the evidence of the Waco 
incident was admissible to prove appellant’s intent to expose himself to 
gratify his sexual desire, we do not reach the question of whether defense 
counsel also opened the door to this evidence.  Accordingly, we need not 
address the issue of whether doing so would have constituted ineffective 
assistance.
        Having 
disposed of all of appellants’ issues, we affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
  
  
PANEL F:   CAYCE, C.J.; 
HOLMAN and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: July 1, 2004


NOTES
1.  See Tex. R. App. P. 47.4.
2.  Sillers testified that he 
understood this phrase to refer to two men playing with each others’ penises.
3.  Sillers explained that he 
understood appellant to mean that he had given oral sex to another man.
4.  On appeal, appellant complains 
that the trial court’s admission of the evidence violated Rule 609(b)’s 
prohibition against admitting evidence of a conviction more than ten years old. See 
Tex. R. Evid. 609(b). This 
complaint is waived because it was not raised below. See Tex. R. App. P. 33.1(a).